AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the

)
*Sheldon J. Oliver #27862045*
Petitioner

v.

*U.S. Department of Justice*
*F.B.O.P.*
Respondent
*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)
)
)

Case No. **23-4-SPM**
_____
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.  (a) Your full name: *Sheldon J. Oliver*
    (b) Other names you have used: _____
2.  Place of confinement:
    (a) Name of institution: *F.C.I. Greenville*
    (b) Address: *PO Box 5000*
    *Greenville, IL, 62246 5000*
    (c) Your identification number: *#27862-045*
3.  Are you currently being held on orders by:
    ☑ Federal authorities    ☐ State authorities    ☐ Other - explain:
    _____
4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you: *Western Missouri, Southwest*
    *Eighth District court (United States)*
    (b) Docket number of criminal case: *#3:15-cr-05020-RK*
    (c) Date of sentencing: *March 7, 2016*
    ☐ Being held on an immigration charge
    ☐ Other *(explain):*
    _____
    _____

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

☒ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

☒ Other *(explain):* _Florida (Brevard county) Always no pick-up case # 55-1989-CF-009273-AXXX-XX_

6.  Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: _Brevard Florida county (Not Receiving program and FSA credits_

(b) Docket number, case number, or opinion number: _05-1989-CF-009273-AXXX-XX_

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed):*

_Keeping me from getting R-DAP and FSA credit Always no pick up order - and affecting out date_

(d) Date of the decision or action: _12-22-2022_

### Your Earlier Challenges of the Decision or Action

7.  **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes     ~~☐ No~~

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _F.C.I. Greenville, IL. (Filed Administrative remedies)_

(2) Date of filing: _12-16-2022   12-15-2022_

(3) Docket number, case number, or opinion number: _1145257-F)_

(4) Result: _denied_

(5) Date of result: _12-20-2022_

(6) Issues raised: _No program credits F.S.A. credit R-DAP denied all of these_

_____

_____

_____

(b) If you answered "No," explain why you did not appeal:

_____

_____

8.  **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes     ☒ No

AO 242 (Rev 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: *N/A*

    (2) Date of filing:

    (3) Docket number, case number, or opinion number: *N/A*

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(b) If you answered "No," explain why you did not file a second appeal: *N/A*

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes    ☐ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: *N/A*

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes    ☒ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☐ Yes    ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes    ☒ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes    ☒ No

If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                    ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d)   Did you appeal the decision to the United States Court of Appeals?
☐ Yes              ☐ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12.   **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes      ☐ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:

(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

AO 242 (Rev 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C § 2241

## Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** No credits for time served and programming per-se F.S.A. credit for time off

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Always No pick-up 1993 to 1997 Missouri 1999 to 2005 Missouri 2005 to 2011 Missouri 2012-2013 Missouri sentences 2015 to Now F.B.O.P. Per se case 3:20-cv-00214-NJR Document 10-2 filed 9-24-2020

(b) Did you present Ground One in all appeals that were available to you? PAGE 12 of 38 PAGE 10.5.5
☑Yes    ☐No    SEE ATTACHED

**GROUND TWO:** stoping myself from home confinement and/or halfway house Early release

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
09-26-2013, will not extrodite Brevard County Sheriffs Dept. Case # 1989 CF 009273 SEE ATTACHED PAPER°°

(b) Did you present Ground Two in all appeals that were available to you?
☑Yes    ☐No

**GROUND THREE:** 1989 probation violation (9 months) 33 years old

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
33 year old.

(b) Did you present Ground Three in all appeals that were available to you?
☑Yes    ☐No

Document 10-2
Filed 04/24/2020 Page ID #55
page 12 of 38

9-26-2013; MULES check c/zer NCIC
hit: Pending charge - BREVARD county
sheriff's Dept. will Not extradite on
CASE# 1989 CF 009273.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U S C § 2241

**GROUND FOUR:** _____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

_____

_____

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____

_____

**Request for Relief**

15.  State exactly what you want the court to do:   LET ME RECEIVE FSA CREDITS And PROGRAMING CREDIT to RECEIVE home confinement And halfway house

AO 242 (Rev 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_12-23-2022_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _12-23-2022_

_____
Signature of Petitioner

Sheldon Oliver
2 862045

_____
Signature of Attorney or other authorized person, if any

SHELDON JOHN OLIVER, 27862-045
GREENVILLE FCI    UNT: H1    QTR: A05-105LH
P.O. BOX 4000
GREENVILLE,  IL 62246

**FEDERAL CORRECTIONAL INSTITUTION**
**GREENVILLE, ILLINOIS**

**PART B- RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #1145251-F1**

This is in response to your Request for Administrative Remedy #1145251-F1, received in the Warden's Office on December 19, 2022, wherein you request to file an Interstate Agreement on Detainers Act (IADA) writ to Brevard County, Florida.

After a review of your file, the detainer in question was placed on a violation of probation warrant.

Your request is precluded pursuant to Program Statement 5800.15, Correctional Systems Manual and Title 18 United States Code 3585(b). Program Statement 5800.15 states, "b. Interstate Agreement on Detainers Act (IADA). A statutory provision authorizing "party states" to enter an agreement, for the disposition of "untried" charges, indictments, informations, or complaints which form the basis of a detainer. The agreement applies to all detainers based on pending charges lodged against an inmate by a "party state" no matter when the detainer was lodged. The IADA does not apply to probation/parole violators (see Carchman v. Nash, 473 U.S. 716, 105 S.Ct. 340, 87 L.Ed.2d 516 (1985))."

Based on the above information, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at:  Bureau of Prisons, North Central Regional Office, 400 State Avenue, Tower II, 8th Floor, Kansas City, Kansas 66101.  Your appeal must be received in the North Central Regional Office within 20 days of the date of this response.

E. Williams, Warden                          12-20-2022
                                             Date

GRE-1330.18B
Attachment 1

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, Administrative Remedy Program, (January 6, 2014), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

| Inmate Name | Reg No |
|---|---|
| Sheldon Oliver | 27862 045 |

1. Briefly state your complaint. Include all details and facts which support your request and the date on which the basis for the complaint occurred. (If related to UDC appeal, specify relevant section of Inmate Discipline Policy.)

NEED to file ON A 35 year old detainer IN Brevard County Florida for filing A 2241

2. Briefly state the action you request to resolve your complaint.

Answer

3. Briefly state the action(s) you have taken and with whom you have spoken to resolve your complaint.

Florid, Rogers, Privett, Phillips

4. *GIVE THIS COMPLETED FORM TO YOUR COUNSELOR FOR RESPONSE*

5. Summary of investigation:

Records indicated charge is a Probation Violation

6. What actions were taken to resolves this matter informally:

therefore, an IAD cannot be filed.

7. Explain reasons for no resolution:

Cannot resolve at this level.

| Date & Time Issued: 12|14|22  11:45am | Unit Team Member: A. Phillips |
|---|---|
| Date & Time Returned:12|14|22  230p | Unit Team Member: Rodgers |
| Date & Time Investigation Completed and BP-9 issued: 12|16|22  2p | |
| Unit Manager Signature: | |
| On                     , this issue was informally resolved. | |

Inmate Signature                    Date

**Distribution:** (1) If complaint is informally resolved, forward the original, signed and dated by the inmate to the Unit Counselor for filing.

(2) If complaint is not informally resolved, forward the original (attached to BP-229(13) form) to the Warden's Office.

GRE-1330.18B                    5-26-16

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: OLIVER J. Sheldon 22862045 1 B Greenville FCI
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**

I TALKED. to An Attorney And. he told ME for this probation violation I have to file AN BP 8 & BP 9 then A 2241 for detainer in florida

12-15-2022
DATE

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DEC 19 2022

WARDEN'S OFF
GREENVILLE

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: 1145251-F1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE

  PRINTED ON RECYCLED PAPER

RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR

BP-229(13)
APRIL 1982

**Requirement for submission of this request directly to the Regional Director, Bureau of Prisons.**

When the inmate believes that he may be adversely affected by submission of this request at the institution level because of the sensitive nature of the complaint, he may address his complaint to the Regional Director. He must clearly indicate a valid reason for not initially bringing his complaint to the attention of the institution staff.

If the inmate does not provide a reason, or if the Regional Director or his designee believes that the reason supplied is not adequate, the inmate will be notified that the complaint has not been accepted. The form sent to the Regional Director will not be returned. However, the inmate may prepare a new request and submit it at the institution if he wishes

SHELDON JOHN OLIVER, 27862-045
GREENVILLE FCI    UNT: H1    QTR: A05-105LH
P.O. BOX 4000
GREENVILLE,   IL 62246

**FEDERAL CORRECTIONAL INSTITUTION**
**GREENVILLE, ILLINOIS**

**PART B- RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #1145251-F1**

This is in response to your Request for Administrative Remedy #1145251-F1, received in the Warden's Office on December 19, 2022, wherein you request to file an Interstate Agreement on Detainers Act (IADA) writ to Brevard County, Florida.

After a review of your file, the detainer in question was placed on a violation of probation warrant.

Your request is precluded pursuant to Program Statement 5800.15, Correctional Systems Manual and Title 18 United States Code 3585(b). Program Statement 5800.15 states, "b. Interstate Agreement on Detainers Act (IADA). A statutory provision authorizing "party states" to enter an agreement, for the disposition of "untried" charges, indictments, informations, or complaints which form the basis of a detainer. The agreement applies to all detainers based on pending charges lodged against an inmate by a "party state" no matter when the detainer was lodged. The IADA does not apply to probation/parole violators (see Carchman v. Nash, 473 U.S. 716, 105 S.Ct. 340, 87 L.Ed.2d 516 (1985))."

Based on the above information, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, North Central Regional Office, 400 State Avenue, Tower II, 8th Floor, Kansas City, Kansas 66101. Your appeal must be received in the North Central Regional Office within 20 days of the date of this response.

E. Williams, Warden

12-20-2022
Date

GRE-1330.18B
Attachment 1

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, Administrative Remedy Program, (January 6, 2014), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

| Inmate Name | Reg No |
|---|---|
| Sheldon Oliver | 27862 045 |

1. Briefly state your complaint. Include all details and facts which support your request and the date on which the basis for the complaint occurred. (If related to UDC appeal, specify relevant section of Inmate Discipline Policy.)

Need to file on a 35 year old detainer in Brevard County Florida for filing a 2241

2. Briefly state the action you request to resolve your complaint.

Answer

3. Briefly state the action(s) you have taken and with whom you have spoken to resolve your complaint.

Florid, Rogers, Privett, Phillips

4. *GIVE THIS COMPLETED FORM TO YOUR COUNSELOR FOR RESPONSE*

5. Summary of Investigation:

Records indicated charge is a Probation Violation

6. What actions were taken to resolves this matter informally:

therefore, an IAD cannot be filed.

7. Explain reasons for no resolution:

Cannot resolve at this level.

| | |
|---|---|
| Date & Time Issued: 12/14/22    11:45am | Unit Team Member: A. Phillips |
| Date & Time Returned: 12/14/22    230 | Unit Team Member: Rodgers |
| Date & Time Investigation Completed and BP-9 issued: 12/16/22    2:42 | |
| Unit Manager Signature: | |

On _____, this issue was informally resolved.

_____          _____
Inmate Signature                      Date

**Distribution:** (1) If complaint is informally resolved, forward the original, signed and dated by the inmate to the Unit Counselor for filing.

(2) If complaint is not informally resolved, forward the original (attached to BP-229(13) form) to the Warden's Office.

SHELDON JOHN OLIVER, 27862-045
GREENVILLE FCI    UNT: H1    QTR: A05-105LH
P.O. BOX 4000
GREENVILLE,  IL 62246

**FEDERAL CORRECTIONAL INSTITUTION**
**GREENVILLE, ILLINOIS**

**PART B- RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #1145251-F1**

This is in response to your Request for Administrative Remedy #1145251-F1, received in the Warden's Office on December 19, 2022, wherein you request to file an Interstate Agreement on Detainers Act (IADA) writ to Brevard County, Florida.

After a review of your file, the detainer in question was placed on a violation of probation warrant.

Your request is precluded pursuant to Program Statement 5800.15, Correctional Systems Manual and Title 18 United States Code 3585(b). Program Statement 5800.15 states, "b. Interstate Agreement on Detainers Act (IADA). A statutory provision authorizing "party states" to enter an agreement, for the disposition of "untried" charges, indictments, informations, or complaints which form the basis of a detainer. The agreement applies to all detainers based on pending charges lodged against an inmate by a "party state" no matter when the detainer was lodged. The IADA does not apply to probation/parole violators (see Carchman v. Nash, 473 U.S. 716, 105 S.Ct. 340, 87 L.Ed.2d 516 (1985))."

Based on the above information, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, North Central Regional Office, 400 State Avenue, Tower II, 8th Floor, Kansas City, Kansas 66101. Your appeal must be received in the North Central Regional Office within 20 days of the date of this response.

_____                    12-20-2022
E. Williams, Warden                                 Date

GRE-1330.18B
Attachment 1

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, Administrative Remedy
Program, (January 6, 2014), requires, in most cases, that inmates attempt
informal resolution of grievances prior to filing a formal written complaint.
This form shall be used to document your efforts towards informally resolving
your grievance.

| Inmate Name | Reg No |
|---|---|
| _Sheldon Oliver_ | _27862 045_ |

1. Briefly state your complaint. Include all details and facts which support
your request and the date on which the basis for the complaint occurred. (If
related to UDC appeal, specify relevant section of Inmate Discipline Policy.)

_NEED to file ON A 35 year old detainer_
_IN BREVARd County Florida for filing_
_A 2241_

2. Briefly state the action you request to resolve your complaint.

_Answer_

3. Briefly state the action(s) you have taken and with whom you have spoken
to resolve your complaint.

_Florid, Rogers, Privett, Phillips_

4. *GIVE THIS COMPLETED FORM TO YOUR COUNSELOR FOR RESPONSE*

5. Summary of investigation:

_Records indicated charge is a Probation Violation,_

6. What actions were taken to resolves this matter informally:

_therefore, an IAD cannot be filed._

7. Explain reasons for no resolution:

_Cannot resolve at this level._

| | | |
|---|---|---|
| Date & Time Issued: _12/14/22    11:45am_ | Unit Team Member: _A. Phillips_ | |
| Date & Time Returned: _12/14/22    230p_ | Unit Team Member: _Rodgers_ | |
| Date & Time Investigation Completed and BP-9 issued: _12/16/22    242_ | | |
| Unit Manager Signature: | | |
| On                    , this issue was informally resolved. | | |

Inmate Signature                              Date

**Distribution:** (1) If complaint is informally resolved, forward the original, signed and dated by the inmate to the Unit Counselor for filing.

(2) If complaint is not informally resolved, forward the original (attached to BP-229(13) form) to the Warden's Office.

GRE-1330.18B                                        5-26-16



◇27862-045◇
Sheldon Oliver
5000 P.O. BOX
Federalcorectionalcomplex
Greenville, IL 62246
United States

◇27862-045◇
Court Us District
Clerk OF THE Court
750 Missouri AVE
ROOM 104
E Saint Louis, IL 62201-5000
United States

US MARSHALS
For more stamps and collectibles, visit usps.com/stamps

RDC 99

62201

U.S. POSTAGE PAID
FCM LG ENV
GREENVILLE, IL
62246
DEC 28, 22
AMOUNT

$0.00
R2304M111238-07

Edmonia
Lewis

PURPLE HEART
FOREVER US



JAN 03 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE